UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **IGNATIUS GRIFFIN**, *et al.*, | ) |
| Plaintiffs, | ) 2:10-cv-01838 JWS |
| vs. | ) ORDER AND OPINION |
| **AEROSAT USA**, *et al.*, | ) [Re: Motion at Docket 13] |
| Defendants. | ) |

## I.  MOTION PRESENTED

At docket 13, plaintiffs Ignatius Griffin ("Griffin"), Teasha Griffin, and Vigstar Communications ("Vigstar"; collectively "plaintiffs") move pursuant to Federal Rule 42 to consolidate this action with another case pending in this district, *Underwood v. Aerosat USA*, 2:10-cv-1930.  Defendants Aerosat USA, LLC ("Aerosat"), DirecTV, Inc. ("DirecTV"), Douglas McChesney ("McChesney"), John Sellers ("Sellers"), Greg Cox ("Cox"), and Brian Crouthers ("Crouthers"; collectively "defendants")  oppose the motion at docket 19.  Plaintiffs' reply is at docket 20.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

This case arises out of allegedly discriminatory conduct by Aerosat and its employees against Griffin and Vigstar.  Aerosat is a satellite internet and antenna provider.  DirecTV is a satellite television provider that recently purchased Aerosat.  Vigstar is owned by Griffin and does satellite hardware installation.  On July 18, 2007, Griffin contracted to perform hardware installation for Aerosat and DirecTV pursuant to an Independent Contractor Agreement.  Griffin alleges that only a few months later Aerosat began to withhold work and otherwise discriminate against Griffin, who is African-American, in favor of other contractors.  Griffin alleges that the discriminatory treatment continued into 2008, that racial slurs were directed at him, and that ultimately his contract was improperly terminated without notice on April 21, 2008.

Griffin filed suit in Arizona state court, asserting claims for breach of contract, breach of the implied duty of good faith and fair dealing, intentional interference with a third-party contract, conspiracy, aiding and abetting, and violation of 42 U.S.C. § 1981.  Griffin named Aerosat, DirecTV, McChesney, Sellers, Cox, and Crouthers as defendants.  McChesney was the local General Manager for Aerosat; Sellers was the Vice President of Aerosat; Cox was the local Office Manager for Aerosat; and Crouthers was the General Manager of Aerosat.

## III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . join for hearing or trial any

or all matters at issue in the actions [or] consolidate the actions."[1]  "The district court has broad discretion under this rule to consolidate cases pending in the same district."[2]  The court should "weigh[] the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."[3]

## IV.  DISCUSSION

**A. Plaintiffs Have Not Demonstrated a Common Question of Law or Fact**

At the threshold it must be determined whether the two suits involve common questions of law or fact.  Plaintiffs argue that the cases involve the same lawyers, "mostly the same parties and . . . predicate facts," and that there are "racial discrimination claims common to both" cases.[4]  Plaintiffs have not, however, presented an argument that the cases involve a common question of law or fact.

The plaintiffs in *Underwood* are Howard Underwood, Teresa Underwood, and Continental Satellite Installation Services, Inc.–none of the three are plaintiffs in the case at bar.  *Underwood* involves claims against Aerosat and DirecTV, both of whom are parties to the present action, and Chan Stear ("Stear"), who is not a party to the present action.  The present case involves four defendants who are not parties to *Underwood*–McChesney, Sellers, Cox, and Crouthers.  While Underwood, Continental,

---

[1] Fed. R. Civ. P. 42(a)(1)-(2).

[2] *Investors Research Co. v. United States Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989).

[3] *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

[4] Doc. 13 at 3.

Griffin, and Vigstar may all share counsel, the only parties to both actions are Aerosat and DirecTV. The mutuality of Aerosat and DirecTV is not compelling.

Underwood's allegation that Aerosat "improperly favor[ed] 'Anglo' competitors of . . . Continental" is supported only by factual allegations relating to Stear, who is not a party to the present case.[5] Those factual allegations are 1) that Stear uttered a racial slur, and 2) that Stear did not properly consider inventory records prior to Underwood's termination, which was ostensibly based on discrepancies in (presumably inventory-dependent) weekly line-item reports.[6] Because the relevant factual allegations in *Underwood* are based on the conduct of Stear, the cases do not involve common questions of fact.

Both cases involve claims for bad faith and violations of 42 U.S.C. § 1981. However, because the predicate facts differ, the legal questions that flow from those facts will also differ. For instance, if the factual allegations in *Underwood* are adequately supported, whether Stear's conduct constituted bad faith on the part of Aerostar or DirecTV, and whether his conduct violated § 1981 are among the questions of law that would have to be resolved. In the present case the primary issues are whether defendants' alleged breach of contract and withholding of work constitute bad faith or a violation of § 1981. The questions of law presented by the two cases are different.

---

[5]First Amended Complaint at ¶ 21, *Underwood v. Aerosat USA,* No. 2:10-cv-01930 (D. Ariz. Dec. 20, 2010), Doc. 21.

[6]*Id.* ¶¶ 19, 20.

Because the cases do not involve common questions of law or fact, it is unnecessary to balance judicial economy and prejudice.

## V.  CONCLUSION

For the foregoing reasons, plaintiffs' motion for consolidation at docket 13 is **DENIED**.

DATED this 20th day of January 2011.

/s/<br>
JOHN W. SEDWICK<br>
UNITED STATES DISTRICT JUDGE